UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER M. JOHNSON, | : CIVIL ACTION NO. 3:12-CV-0100 |
| Plaintiff | : (Judge Nealon) |
| v. | : |
| ADERHOLD, | : |
| Defendants | : |

FILED
SCRANTON
JAN 2 7 2012
PER _____
DEPUTY CLERK

## MEMORANDUM

**Background**

Christopher Johnson, an inmate presently confined in the United States Penitentiary, Lewisburg, Pennsylvania, filed the captioned Bivens[1] styled civil rights complaint pursuant to 28 U.S.C. § 1331. Along with the filing of his complaint, Johnson has submitted an application requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915. (Doc. 2). The Plaintiff names as the sole Defendant Counselor Aderhold. For the reasons set forth below, the instant complaint will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Federal Rule of Civil

---

1. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

2. Section 1915(e)(2) provides that:
    (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Procedure 12(b)(6). The court must accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in the plaintiff's favor. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Detailed factual allegations are not required, id. at 231 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)), but the complaint has to plead "enough facts to state a claim to relief that is plausible on its face," id. at 570, and factual allegations "that are 'merely consistent with' a defendant's liability" are not enough, Ashcroft v. Iqbal, 556 U.S. 662 (2009). "[M]ore than labels and conclusions" are required. Twombly, 550 U.S. at 555.

**Factual Allegations**

Johnson's complaint, states in toto:

Aderhold made me strip search, he violated me by making me strip naked in front of three other inmates. And I told him at the time that he was violating my rights and he made me strip naked anyway.

(Doc. 1, complaint). For relief, Plaintiff seeks compensatory damages, as well as "any and all property that Aderhold may own" and that "Aderhold be stripped of his job working for the BOP." Id.

**Discussion**

A Bivens-type action is the federal counterpart to an action filed under 42 U.S.C. § 1983. See Paton v. LaPrade, 524 F.2d 82 (3d Cir. 1975); Farmer v. Carlson, 685 F. Supp. 1335, 1338 (M.D. Pa. 1988) (Nealon, J.). In order to prevail on a claim made under § 1983, the plaintiff must satisfy two criteria: (1) that some person has deprived him or her of a federal right, and (2) that the person who caused the deprivation acted under color of state or territorial law. West v. Atkins, 487 U.S. 42, 48 (1988); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978).

Plaintiff claims that his rights were violated when Defendant Aderhold subjected him to a strip search in front of other inmates. Inmates do not have a Fourth Amendment right to be free from strip searches, which can be conducted by prison officials without probable cause provided that the search is conducted in a reasonable manner. Bell v. Wolfish, 441 U.S. 520 (1979); Wilson v. Shannon, 982 F. Supp. 337 (E.D. Pa. 1997). The reasonableness of inmate searches is determined by balancing "the need for the particular search against the invasion of the personal rights that the search entails." Bell, 441 U.S. 520. Where, as here, a plaintiff does not allege excessive force or any injury resulting from a strip search, several courts have found routine strip searches reasonable. See Goff v. Nix, 803 F.2d 358, 370-71 (8th Cir.1986) (upholding visual body cavity search of segregation unit inmates before and after going to exercise area); Arruda v. Fair, 710 F.2d 886 (1st Cir. 1983) (validating strip searches of inmates traveling from segregated housing unit to law library, infirmary, or visitor's rooms); Campbell v. Miller, 787 F.2d 217, 228 (7th Cir. 1986) (permitting visual body cavity searches of high security inmates being transported to law library); Castro v. Chesney, 1998 WL 767467 (E.D. Pa. 1998); Gutridge v. Chesney, 1998 WL 248913, *1 (E.D. Pa. 1998). Furthermore, strip searches may be conducted in the presence of other guards and prisoners. DiFilippo v. Vaughn, 1996 WL 355336 (E.D. Pa. 1996). Given the fact that Plaintiff has alleged no physical harm or that force was used during the search, this Court concludes that the conduct complained of does not rise to the level of a constitutional violation cognizable under § 1983. As such, his complaint will be dismissed.

Under the circumstances, the Court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915(d) is designed to preserve. See Roman v. Jeffes, 904 F.2d 192, 195 n.3 (3d Cir. 1990).

A separate Order will be issued.

Dated: January 27, 2012

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　**United States District Judge**